McKinney, J.,
delivered -the opinion of the Court.
This was an agreed case, made in the Court below. The facts are these:
The plaintiffs are the separate judgment creditors of the defendant, McComb. •
The judgments were all rendered in the Common Law Court of the City of Memphis, but at different terms of the Court. The judgment of Johnson was obtained at the March Term, 1857, for $364.
The judgment of Roberson & Dennett, for $1199.24, and also the judgment of Macy & Sons, for $902.30, were obtained at the November Term, 1857.
And the judgment of Relfe & Co., for $269.37, and the judgment of Greenwood, for $649.30, were obtained at the March Term, 1858.
At the respective dates of these several judgments, the defendant, McComb,' it seems, had no property subject to execution at law. He was the owner, however, of an equitable interest in certain real property, which, prior to the rendition of any of said judgments, had been conveyed by deed of trust for the benefit of other creditors. And on the 25th of April, 1858, he procured a re-conveyance to himself of the legal title to said real property. Immediately thereafter executions upon the several judgments before mentioned, all tested of the same *560 term — Marph Terra, 1858 — were issued and levied on said real property; and the same was sold by the sheriff, on the 26th of June, 1858, for the sura of $1360.54.
This fund being inadequate ;to the satisfaction of all the above mentioned judgments, the question is, how shall it be applied?
It was held by the Circuit Judge that the creditors were entitled to the fund according to the priority of their respective judgments.
This was not the correct principle. No lien upon the property existed at law in favor of either creditor previous to the re-conveyance of the legal title, on the 25th of April, 1858. And the moment the legal title was re-inves.ted in McComb, the liens of the several judgments attached, together, upon the property, at the same instant This .being so, no priority of satisfaction can be claimed by either over the others; all stand upon exactly the same footing, as respects the proceeds of the sale of said property; and the plain principle of reason, and of law, in such case, is, that the fund shall be distributed amongst them all pari pasu. Neither is entitled to any preference; and it is ordered accordingly. 2 Sneed, 665.
Judgment reversed.